UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| APRIL STINSON, | ) |
| Plaintiff, | ) Civil Action No. 5: 12-368-DCR |
| V. | ) |
| LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff April Stinson filed this action on December 12, 2012, alleging that Defendant Robert Dale Brown, a Sergeant with the Lexington-Fayette Urban County Division of Police, sexually assaulted her following an arrest and while she was being transported in his police vehicle. In addition to Brown, the plaintiff has sued the Lexington-Fayette Urban County Government ("LFUCG"); Jim Gray, in his individual and official capacity as Mayor of LFUCG; and Ronnie J. Bastin, in his individual and official capacity as Chief of LFUCG's Division of Police.

Defendants LFUCG, Gray, and Bastin responded by moving to dismiss the claims asserted against them. More specifically, these defendants argue that a municipality may not be held liable under 42 U.S.C. § 1983 based solely on alleged misconduct of an employee and that no policy or custom has been identified in the Complaint connected to the alleged actions of Defendant Brown. Further, regarding Defendants Gray and Bastin, they contend that the claims

asserted against them in their official capacities fail for the same reasons.  And with respect to the claims asserted against the individual defendants in their individual capacities, they argue that the plaintiff has failed to allege any actions which would give rise to supervisory liability.  Having reviewed the materials submitted by the parties, the Court agrees that the defendants are entitled to the relief sought.  Accordingly, their motion will be granted.

**I.**

Stinson alleges that, on or about December 9, 2011, Sergeant Brown of the LFUCG Police Department arrested her for public intoxication and placed her in the rear seat of his vehicle.  Although the plaintiff asserts that Brown should have transported her immediately to the Fayette County Detention Center ("FCDC"), she was first taken to an impoundment lot so that she could retrieve certain medication from her car. Thereafter, Stinson claims that Brown transported her to a remote location in Fayette County and proceeded to sexually assault her in the rear seat of his police cruiser.  More specifically, Stinson alleges that:

> 16. Following the stop at the impoundment lot, Defendant BROWN, once again failed to take Plaintiff STINSON directly to FCDC and took her to a remote, concealed location, in Fayette County, Kentucky, for the purpose of sexually assaulting and forcibly raping Plaintiff STINSON and thereby violated her Constitutional Rights.  Defendant BROWN took said actions by use of his authority as a police officer, under the color of law.  Defendant BROWN'S actions amounted to a kidnapping of Plaintiff STINSON. Upon stopping the vehicle in a remote location, Defendant BROWN got out of the driver's seat of the vehicle and entered the rear seat, prisoner containment portion of the vehicle and sexually assaulted and forcibly raped Plaintiff STINSON.  Thereby, rather than taking Plaintiff STINSON to jail at FCDC, as he purportedly was going to do when Plaintiff STINSON was originally taken into custody, Defendant BROWN then took Plaintiff STINSON to her brother's house and released her from custody without charging her with any crime.

[Record No. 1, p. 6; Complaint]

The plaintiff alleges that Defendant Brown was acting within the scope and course of his employment with LFUCG at the time of the alleged sexual assault. Further, she asserts that Defendant Brown was aware that her transport to the FCDC would be without any other person being in the vehicle and that the vehicle was not equipped with any device to monitor Brown's actions.

Stinson seeks to recover from the remaining defendants based on the following allegations:

> 20. The actions of Defendants in failing to properly train and supervise employees, and in implementing and allowing policies and customs of tolerating, permitting, and ratifying a practice of allowing lone male police officers to transport females placed under arrest and rendered helpless by restraints, from the city of Lexington, Kentucky, to the FCDC, without any chaperone, effective controls, proctoring, or taking any other measures to assure that they were not sexually assaulted, raped, or otherwise abused by police officers was intentional and malicious and a reckless disregard of Plaintiff STINSONS's [sic] rights, and were the direct and proximate cause of great physical and emotional suffering by Plaintiff STINSON, and caused her to incur medical and legal expenses, loss of income, general damages, and deprivation [sic] her of physical liberty for which she is entitled to recover damages.

[Id., pp. 7-8]

Thus, the plaintiff claims that LFUCG, Mayor Gray and Chief Bastin should be held responsible for Brown's alleged assault for two reasons. First, Stinson claims that these defendants failed properly train, supervise, and instruct police officers that they avoid what is patently clear: they should not sexually assault individuals being transported to the FCDC. Second, she contends that the defendants should be held liable because of a policy and custom of "tolerating, permitting, and ratifying a practice of allowing lone male police officers to transport females placed under arrest and rendered helpless by restraints, from the city of

Lexington, Kentucky, to the FCDC without any chaperone, effective controls, proctoring . . ." or other measures to avoid assault, rape or other abuse of the person being transported. The plaintiff's Complaint *does not assert* that the defendants were aware of any prior sexual assaults by male officers while transporting female prisoners or that such prior acts have occurred, regardless of the defendants' lack of knowledge.

## II.

As the parties acknowledge, in evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "'detailed factual allegations'" to survive a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint that merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is subject to dismissal under Rule 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

### A.     **Municipal Liability**

Citing the Supreme Court's decision in *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997), the defendants argue that a municipality

such as LFUCG may not be held liable under § 1983 based solely on the alleged misconduct of an employee. Instead, a plaintiff must identify a specific policy or custom that caused the alleged injury and must demonstrate – or, in the case of a Rule 12 motion, must allege – that, as a result of deliberate conduct, the municipality was the "moving force" behind the injury. *Id.* at 403-404. *See also, Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In other words, the plaintiff must first allege a link between the municipal action and the deprivation of a federal right.

Further, based upon the rationale expressed in *Campbell v. Anderson County*, 695 F.Supp.2d 764 (E.D. Tenn. 2010), and *Doe v. Cunningham*, 2006 U.S. Dist. LEXIS 70419, at \*4 (W.D. Va. Sept. 28, 2006), the defendants assert that liability may not be based solely upon the act of allowing male officers to transport female detainees without a third party or some other method of preventing sexual assault. Likewise, because the plaintiff has not satisfied the minimal pleading requirements of *Iqbal*, 556 U.S. 662, the defendants contend that the plaintiff's claim of failure to train and/or supervise must also be dismissed under Rule 12 of the Federal Rules of Civil Procedure. *Johnson v. Metropolitan Government of Nashville and Davidson County*, 2010 U.S. Dist. LEXIS 95393 (M.D. Tenn. Sept. 13, 2010).

In their response, the plaintiff argues that she has alleged enough facts to state a claim for relief against the moving defendants that is plausible on its face. Further, she contends that her factual allegations also allow the Court to draw reasonable inferences that the defendants are liable for the misconduct she has alleged. [Record No. 7] Regarding the claims asserted against LFUCG, she argues that the holding in *Campbell v. Anderson*, 695 F.Supp.2d 764, is

distinguishable because the matter was resolved *via* summary judgment following an opportunity for discovery rather than through a motion to dismiss. Next, Stinson argues that she has adequately identified the policy or custom that caused her injury. Thus, she asserts, the key inquiry is whether there is sufficient evidence for reasonable minds to find a direct and causal link between the policy in issue and the alleged denial of her protected rights. [Record No. 7, pp. 4-5]

Having carefully reviewed the plaintiff's Complaint, the Court is unable to identify any alleged policy or custom that would require discovery. As noted above, the plaintiff has not alleged that similar incidents have occurred previously or that the defendants failed to act notwithstanding knowledge of such prior incidents. Thus, the distinction she attempts to make regarding the holding in *Campbell v. Anderson County*, *supra*, is misplaced. And while that decision from the United States District Court for the Eastern District of Tennessee is not controlling authority, the undersigned agrees with its rationale. In short, to overcome the present motion, the Court must accept as a viable legal theory of recovery that a municipality must require at least two officers to transport female detainees in their vehicles or that their vehicles must contain equipment to monitor an officer's conduct while female detainees are being transported. Although such might be wise policy provided it is not cost-prohibitive, such is not required.

And where training is alleged to be deficient, a plaintiff must identify a deficiency in the training program that is closely related to the ultimate injury such that the alleged deficiency actually caused the police officer's offending conduct. *Campbell v. Anderson*, 695 F.Supp.2d

at 774. The plaintiff has not made such allegations in the present case. This failure is fatal to her claims against LFUCG.

In summary, absent factual assertions that officers within a particular police department have previously engaged in improper sexual conduct while transporting female detainees, there is no requirement that male officers must be accompanied by one or more officers or that the vehicle being used to transport the female detainee must contain monitoring equipment.[1] And because the plaintiff's Complaint is totally devoid of any allegations that LFUCG had any deficiency in training or any practice which might have caused the incident in issue, all claims against it will be dismissed. *Johnson v. Metropolitan Government of Nashville and Davidson County, supra.*

### B.  Vicarious Liability Claims Asserted Against Defendants Gray and Bastin

As the defendants correctly point out in their supporting memorandum, claims against public officials in their official capacities are equivalent to claims against the government entity. Therefore, for the reasons outlined above, the claims asserted against Defendants Gray and Bastin in their official capacities will be dismissed.

Defendants Gray and Bastin are also entitled to dismissal of the claims asserted against them in their individual capacities. To establish a claim for supervisory liability against these defendants, the plaintiff must assert more than a failure to act. Instead, she must assert some type of active unconstitutional behavior. In other words, to overcome a motion to dismiss, Stinson must at least allege that the individual supervising defendants somehow participated in,

---

[1]  If a prior incident had been alleged, a claim of insufficient training or instruction might be sufficient to overcome a Rule 12 motion. However, no such allegation is contained in Stinson's Complaint.

encouraged, authorized or acquiesced in the offending conduct. Here there is no allegation that the moving defendants engaged in such conduct or were aware of any prior, similar allegations against Defendant Brown or any other officer.

Likewise, there is no allegation that Defendants Gray or Bastin failed to offer training, supervision or discipline that in any way allowed or encouraged the wrongful conduct alleged in this civil action. In short, there is no evidence of – or allegations concerning – any history of sexual abuse by LFUCG police officers against female detainees being transported to the FCDC. *See Doe v. City of Roseville,* 296 F.3d 431, 439-40 (6th Cir. 2002). Neither the plaintiff's factual allegations nor the inferences which may be properly drawn from her factual allegations plausibly suggest that she is entitled to relief based upon the individual defendants' failure to train, discipline, or supervise Defendant Brown. While the plaintiff may have alleged plausible claims against Defendant Brown, liability on the part of Defendants Gray and Bastin may not be based on an isolated incident of alleged improper conduct by an employee subject to their ultimate supervision. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985); *T. S. v. Doe*, 2010 U.S. Dist. LEXIS 89764 (E.D. Ky. Aug. 27, 2010).

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the Motion to Dismiss filed by Defendant Lexington-Fayette County Urban County Government, Defendant Jim Gray, Mayor of Lexington-Fayette County Urban County Government sued in his official and individual capacities, and Defendant Ronnie J. Bastin, Chief of Lexington-Fayette County Urban County Government's Division of Police, sued

in his official and individual capacities, [Record No. 4] is **GRANTED**.  The claims asserted against these defendants are **DISMISSED**, with prejudice.

This 28th day of January, 2013.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge